IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANA ABIGAIL MELARA ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | **8:25CV183**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Susana Abigail Melara Alvarado ("Melara Alvarado") is a Salvadoran national who has resided in the United States for nearly a decade. On May 10, 2022, Melara Alvarado became a victim of a domestic-violence incident in Norman, Oklahoma. On December 13, 2024, she filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p).

She filed this *pro se* complaint (Filing No. 1) just a few months later claiming the USCIS has yet to adjudicate those requests in any way. In particular, she complains the USCIS has failed to issue a bona fide determination and employment authorization document that would allow her to work while her U-visa application is pending. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Melara Alvarado asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and asks the Court to order the USCIS to "to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." *See Telecomms. Rsch. and*

*Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief).

Now before the Court is the USCIS Director's (the "Director") Motion to Dismiss (Filing No. 6) Melara Alvarado's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the reasons explained in *Patel v. Director, USCIS*, 8:25CV59, Filing No. 18 (D. Neb. June 11, 2025), the Court agrees with the Director that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of Melara Alvarado's claim. Because the Court lacks jurisdiction over this matter,

IT IS ORDERED:

1. The Director of United States Citizenship and Immigration Services's Motion to Dismiss (Filing No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.
2. Plaintiff Susana Abigail Melara Alvarado's complaint (Filing No. 1) is dismissed without prejudice.
3. A separate judgment will issue.

Dated this 12th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge